By the Court.*
The Court is of opinion, that by the true construction of the will of George Walton, as to the estate which is the subject of controversy, the testator intended, to create a trust in his wife, for the benefit of his children and grand-children ; and to empower her, to appoint the same among them, in such proportions as she might think proper; so that each object of his bounty should nevertheless have a reasonable share; that is to say, that she should appoint such share to each child alive, at the time of such appointment; and to the children of such child as should be then dead, and who in *such case are to represent their ancestor; and that it was not his intention, that an appointment should be made to the child, or children of any child alive, at the time of such appointment, or to one child of a deceased child, in exclusion of the others; unless such last mentioned appointment, would *797 not operate to deprive the others of a reasonable share.
According to these principles, if Martha Walton the trustee, aforesaid, appointed, by act consummated in her life time, any portion of the trust fund to the child or children of a child of the testator, in the life of such child; such appointment is void; but if such appointment was made after the death of such child, then the grand-children in this case, representing their ancestor, being objects of the trust, and entitled toa reasonable share, such appointment was good; and if made to one or more of such children, in exclusion of others, ought to be confirmed ; if a sufficient fund shall remain, according to the principles of this decree, to give the other children a reasonable share of the proportion to which these children shall be found entitled, as representing their ancestor; otherwise, it is to be added to what may be assigned to those representing that stock, and the whole equally divided between them. So too if the trustee appointed, as aforesaid, give any portion of the trust fund to a child of the testator, such appointment is to be confirmed, if sufficient remains to give each object of the bounty, as above-designated, a reasonable share of the whole fund; otherwise such appointment is to be declared void, as not being conformable to the trust.
We are further of opinion, that all the appointments attempted to be made in and by the last will of Martha Walton, ought to be declared void; they being repugnant to the intention of the testator, in the particulars before declared.
We are also of opinion, that if any appointment, made as aforesaid, shall be declared valid under the principles 'x'herein stated, that the object or objects in whose favor such appointment shall so have been made, will not be entitled to come in for a share of the residue of the trust fund, without bringing into account, the subject so appointed ; the correct rule being, that when the trustee, who alone is confided in, to make a discrimination as to quantity, fails to do so, according to the confidence reposed, the Court must adopt equality as the rule: it would be a departure from this rule, to divide the residue among all the objects; and this is the more reasonable, in as much as the person having the power may not have intended the inequality which would thus be produced.
The decree is therefore to be reversed, and the cause remanded; that all parties, necessary to a final decision, according to these principles, may be made, and a final decree be pronounced, agreeably thereto.

BaooKE absent.